### JACKSON et al. v. NEW YORK LIFE INS. CO.

(District Court, D. Oregon. April 28, 1924.)

No. 9198.

Insurance ⊜136(2)—Forwarding of policy by company to its agent held equivalent to delivery.

Where a policy of life insurance provided that it should not take effect until it was delivered to and received by assured during his lifetime, the forwarding of the policy by the company to its soliciting agent for immediate delivery will be taken as equivalent to manual delivery.

At Law. Action by A. O. Jackson and Lizzie Jackson against the New York Life Insurance Company. On demurrer to complaint. Overruled.

Botts & Winslow, of Tillamook, Or., for plaintiffs.

Huntington, Wilson & Huntington, of Portland, Or., for defendant.

BEAN, District Judge. This is an action on an insurance policy issued by the defendant company on the life of Olin Wayne Jackson. On May 18, 1919, Jackson signed an application for insurance, which stipulated that the insurance should not take effect "unless the first premium is paid and the policy is delivered to and received by me during my lifetime, and when so delivered the policy shall take effect as of the date of the application." The applicant submitted to a medical examination, and the application and medical examination were forwarded in due time to the home office of the company in New York, and on May 28, 1919, the policy was issued and mailed to the Portland office of the company, with instructions to hold it until released by the medical board. It reached the Portland office on the 4th of June, and on that date was released by the medical board and was ready for immediate delivery; but it was held in the Portland office until the 16th of June, when it was forwarded to the soliciting agents at Tillamook for immediate delivery to the assured; but before delivery and on the morning of the 18th the assured was killed. Subsequently the beneficiaries brought an action at law on the policy, and the case was tried in this court, and a motion for a nonsuit allowed on the ground that, since the contract stipulated that the insurance should not take effect until

the policy was delivered and received by the assured in his lifetime, and that was not done, there was no ground of recovery. Notice of appeal was served, bill of exceptions filed, but the case was abandoned by plaintiffs as stated by counsel in the argument here, because on examination he concluded that the court was probably right in its views.

But later the Circuit Court of Appeals, in the case of New York Life Insurance Co. v. Rutherford, 284 Fed. 708, held on a similar contract that receipt of the policy by the agent for immediate delivery will be taken as equivalent to a manual delivery to the assured. Now I am unable to distinguish the case at bar from the Rutherford Case. There is, however, this difference: The Rutherford Case arose in the state of Washington. That state had no law at the time making the soliciting agent of the insurance company an agent of the company. Oregon has such a statute, but I do not understand that would change the legal relations of the parties in any way. The soliciting agent is presumably an agent of the company, and would be so held, unless there was a stipulation in the application or policy to the contrary, the Oregon statute prohibits or makes void such a stipulation in an insurance application or policy, and that was probably the purpose of the passage of the statute. In the Rutherford Case, the policy had actually reached the possession of the soliciting agent, and he had made an effort to deliver it, but had failed to do so, and had it in his possession three or four days before the death of the assured. But I cannot see that makes any difference in the principle involved in the two cases. In the case at bar the policy reached the branch office in Portland and was ready for delivery the 4th of June, was retained there until the 16th before it was forwarded to the soliciting agent, and if, as the court held in the Rutherford Case, the delivery of the policy to the soliciting agent with instructions to deliver to the assured is equivalent in law to manual delivery, notwithstanding the provisions in the contract with reference to the time it shall become binding, I cannot see that the case at bar can be distinguished from the Rutherford Case, and therefore I am constrained to follow the Rutherford Case, regardless of my own personal views in this matter.

The demurrer in this case will be overruled.